IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERESA J. TODD, individually and on )
behalf of all others similarly situated )
) No. 3-07-0788
v. )
)
RETAIL CONCEPTS, INC. d/b/a Sun & )
Ski Sports )

O R D E R

Upon the request of counsel for the parties and the mediator, by order entered March 21, 2008 (Docket Entry No. 52), a tentative hearing was scheduled on March 27, 2008, to address preliminary approval of the proposed class settlement, in the event that the case was referred to the Magistrate Judge upon the parties' consent.

The parties did not file a notice of consent to proceed before the Magistrate Judge and, on March 27, 2008, counsel called the office of the Magistrate Judge to confirm that the hearing would be cancelled since they had not yet had the opportunity to prepare the necessary filings.

The March 27, 2008, hearing was therefore CANCELLED. Although the parties did not thereafter communicate with the Magistrate Judge, they filed a joint motion for preliminary approval of class action settlement (Docket Entry No. 54), with an attached proposed order for the approval of the Honorable Robert L. Echols. The Magistrate Judge has also been advised that counsel have called Judge Echols' office and indicated that the parties do not intend to consent to proceed before the Magistrate Judge.

Therefore, unless otherwise directed by the Court or upon motion of the parties, there will be no further proceedings before the Magistrate Judge in this case.[1]

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] In addition to the pending motion for preliminary approval of class action settlement (Docket Entry No. 54), the following motions are also pending: (1) the defendant's motion to dismiss plaintiff's class claims (Docket Entry No. 23), which the Court assumes is rendered moot by the parties' proposed class settlement; (2) the plaintiff's motion to certify class (Docket Entry No. 35), which has also been effectively rendered moot by the parties' agreement that a class be certified for settlement purposes; and (3) the defendant's motion to strike the declaration and opinion of plaintiff's expert (Docket Entry No. 44), which the Court also assumes is rendered moot by the parties' settlement.