UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA J. TODD, individually and on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) No. 3:07-0788 ) Class Action |
| v. | ) ) JUDGE ECHOLS |
| RETAIL CONCEPTS, INC., | ) ) |
| Defendant. | ) ) |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

In accordance with the Memorandum entered contemporaneously herewith,

The Settlement Agreement dated March 27, 2008 (the "Settlement Agreement") between the Litigation Class Representative Teresa J. Todd and Defendant Retail Concepts, Inc. d/b/a Sun & Ski Sports ("Retail Concepts") provides for the Settlement of this lawsuit on behalf of the Litigation Class Representatives and the Class Members, subject to approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order dated April 25, 2008 ("Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Retail Concepts denies any wrongdoing, fault, violation of law, or liability for damages of any sort. Retail Concepts objected, and continues to object, to the certification of any class and has agreed to the certification of this class for settlement purposes only.

1

A Fairness Hearing was held before this Court on August 1, 2008, to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable and adequate, whether an incentive payment of $3,000.00 should be paid by Retail Concepts to Plaintiff Teresa J. Todd, and whether Litigation Class Counsel's request for attorney's fees is reasonable and should be approved by this Court.

**NOW THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

(1)     No Class Members have filed objections to the Settlement Agreement or to Class Counsel's request for approval of attorney's fees.

(2)     The objections filed by the Attorney General of Texas by letter dated May 29, 2008 (Docket Entry No. 63) are hereby OVERRULED for the reasons stated in the accompanying Memorandum.

(3)     Plaintiff's Motion For Final Approval of Proposed Class Action Settlement (Docket Entry No. 64) is hereby GRANTED.

(4)     This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

(5)     The Settlement Agreement is the product of good faith arms'-length negotiations by the Parties, each of whom was represented by experienced counsel.  The parties submitted a form of publication notice and, pursuant to the Court's Order dated April 25, 2008, the Court approved the form of publication notice.  On July 15, 2008, Retail Concepts submitted an affidavit confirming that the approved form of notice was published via email, its website and in-store postings beginning

May 5, 2008 and that such posting will continue until December 31, 2008. The Court finds that the notice provided was fair, reasonable and adequate under the circumstances of this litigation and this Settlement.

(6) The Court finds that the class proposed for purposes of the Settlement meets the requirements of Fed.R.Civ.P. 23(b)(2), and hereby certifies a settlement class in this matter as follows:

> All persons to whom Retail Concepts, by use of any cash register or other machine or device that electronically prints receipts for credit card or debit card transaction, provided or retained an electronically printed receipt at the point of sale or transaction on which Retail Concepts printed: (i) more than the last five digits of the person's credit card or debit card number; and/or (ii) the expiration date of the person's credit card or debit card number, during the period December 4, 2006[1] through the Effective Date of the parties' Settlement Agreement. Excluded from the class are persons who claim to have suffered actual harm by way of identity theft.

(7) This Court approves the Settlement and all terms set forth in the parties' Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate and in the best interests of the Class Members. The Parties to the Settlement Agreement are directed to consummate and perform its terms.

(8) The Parties dispute the validity of the claims in this matter, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable and adequate and in the best interests of the Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members would also face the challenge of surviving an appeal of any class certification order

---

[1] The definition of the class in the Settlement Agreement contains a date of January 1, 2005. The parties now ask the Court to utilize the date of December 4, 2006, presumably for the reason that with respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with 15 U.S.C. § 1681c(g) (1) on or before December 4, 2006.

3

entered in this matter, and any other rulings rendered during trial. The relief negotiated by the Parties includes an agreement by Retail Concepts to offer discount coupons for a discount of $15.00 off the customer's next purchase of $125.00 or more to all customers for a period of approximately six (6) months or until 335,000 discount coupons have been distributed, whichever occurs first. The number of discount coupons shall not exceed 335,000, and all discount coupons will expire and become void on December 31, 2008. Retail Concepts will not have any obligation to distribute discount coupons until after the Effective Date, and, in no event shall Retail Concepts be obligated to distribute or honor the discount coupons for a period exceeding six (6) months. Retail Concepts agreed to do this even though there has been no ruling made by this Court that Retail Concepts' business conduct was in any way improper. For these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement Agreement.

(9) This entire matter is hereby DISMISSED WITH PREJUDICE and without costs to any party. The Parties will bear their own respective litigation expenses pursuant to section 5.2 of the Settlement Agreement.

(10) Upon the Effective Date of the Settlement Agreement, the Litigation Class Representative and the Class Members forever release, waive, discharge and agree to the dismissal of, with prejudice, all claims that have been made, or could have been made, in this matter against Retail Concepts (including all of its parents, subsidiaries, affiliates, agents, successors, assignors, assignees, and/or assigns), under the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g), the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*, or any other federal or state statute or any common law theory, including all claims for monetary, equitable,

declaratory, injunctive or any other form of relief. The Court reiterates, however, that any person who claims to have suffered actual harm due to identity theft is excluded from the definition of the class and any such person has not waived any claims against Retail Concepts.

(11) The Plaintiff's Motion For Award of Attorney's Fees and Expenses and Payment of Plaintiff Incentive Award (Docket Entry No. 65) is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED in that Retail Concepts will pay an incentive payment of $3,000.00 to Plaintiff Teresa J. Todd, and Retail Concepts will pay attorney's fees to Litigation Class Counsel in the total amount of $104,713.75. The Motion is DENIED in that the Court will not apply a multiplier to the lodestar attorney's fee amount as requested and the Court will not award any litigation expenses to Plaintiff as requested. The Settlement Agreement expressly provides in section 5.2 that "Litigation Class Counsel and Retail Concepts agree to bear their own respective Litigation expenses and shall not seek any such expenses or Litigation-related reimbursements from the Court."

(12) If the Effective Date of the Settlement Agreement does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

(13) Without affecting the finality of this Final Judgment in any way, the Court retains continuing jurisdiction for the purpose of administering and/or enforcing the Settlement Agreement, this Final Judgment and other matters related or ancillary to the foregoing.

(14) Any person or entity wishing to appeal this Final Judgment shall post a bond with the Court in the amount of $25,000.00 as a condition to prosecuting the appeal.

(15) The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order of Dismissal With Prejudice be, and hereby is, ENTERED on the docket as a final order subject to appeal pursuant to Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

6

Case 3:07-cv-00788   Document 76   Filed 08/22/08   Page 6 of 6 PageID #: 1235